UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 3: 08-20-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| TONY LYNN BROWN, | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

On this date, Defendant Tony Lynn Brown filed a motion to modify or reduce his sentence under 18 U.S.C. § 3582(c)(2). [Record No. 52] On February 3, 2009, Brown was sentenced to a term of incarceration of 180 months, based on his status as a career offender. [Record No. 50] The offense giving rise to his conviction occurred on June 20, 2008. [Record No. 1] Based on the waiver provision contained in his Plea Agreement, Brown did not file a direct appeal following the sentencing hearing. [*See* Record No. 19; Plea Agreement, ¶ 9.] Likewise, the defendant did not seek to collaterally attack his guilty plea, conviction or sentence.

Graham's current motion for relief under 18 U.S.C. § 3582(c)(2) is based upon a claimed change in intervening law in *United States v. Blewett*, 719 F.3d 482 (6th Cir. 2013). *Blewett* held that the Fair Sentencing Act of 2010 applied retroactively. However, on July 11, 2013, a majority of the active judges of the Sixth Circuit voted for rehearing of the case *en banc*. *United States v. Blewett*, Nos. 12-5226, 12-5582 (6th Cir. July 11, 2012) (order granting rehearing en banc). Therefore, the panel opinion on *Blewett* has been set aside and has no precedential effect.

Previous Sixth Circuit decisions hold that the provisions of the Fair Sentencing Act of 2010 do not apply to offenses committed prior to the effective date of the Act. *United States v. Hammond*, 712 F.3d 333, 336 (6th Cir. 2013); *United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 20100; *see United States v. Ruff*, F. App'x 448, 451 (6th Cir. 2011) (unpublished). The crime for which Brown was convicted and his sentencing occurred well before the effective date of the Fair Sentencing Act of 2010. Therefore, *Hammond*, *Carradine*, and *Ruff* would foreclose any retroactive application of the Fair Sentencing Act of 2010 in this case.

Accordingly, it is hereby

**ORDERED** that Defendant Brown's motion to modify or reduce his previously-imposed term of imprisonment [Record No. 52] is **DENIED**.

This 25th day of September, 2013.

Signed By:
*Danny C. Reeves* DCR
United States District Judge